SONYA D. WINNER (SBN 200348)
SWinner@cov.com
ASHLEY SIMONSEN (SBN 275203)
ASimonsen@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 591-6091

EMILY JOHNSON HENN (SBN 269482)
EHenn@cov.com
RANI GUPTA (SBN 296346)
RGupta@cov.com
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Telephone: (650) 632-4700
Facsimile: (650) 632-4800

Attorneys for Defendant Navient Solutions, Inc.

[*Additional Counsel Listed on Next Page*]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLENE BLYDEN,<br><br>        Plaintiff,<br><br>        v.<br><br>NAVIENT CORPORATION, et al.,<br><br><br>        Defendants. | Civil Case No.: 5:14-cv-2456-JGB-KK<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>Date:    Jan. 11, 2016, 9:00 a.m.<br>Judge:  Hon. Jesus G. Bernal. Ctrm. 1 |

# ADDITIONAL COUNSEL OF RECORD

SHELDON EISENBERG (SBN 100626)
sheldon.eisenberg@dbr.com
ADAM J. THURSTON (SBN 162636)
adam.thurston@dbr.com
ERIN E. MCCRACKEN (SBN 244523)
erin.mccracken@dbr.com
DRINKER BIDDLE & REATH LLP
1800 Century Park East
Suite 1500
Los Angeles, CA  90067-1517
Telephone:   (310) 203-4000
Facsimile:    (310) 229-1285

Attorneys for Defendants The Bank Of New York Mellon Trust Company, N.A., in its
representative capacity as Trustee for SLM Private Credit Student Loan Trust 2003-B,
and SLM Private Credit Student Loan Trust 2003-B

i

1    Plaintiff's "Notice of Supplemental Authority," which seeks to bring to the

2 Court's attention a decision of the Second Circuit published *six months ago*, is plainly

3 improper. *See Madden v. Midland Funding, LLC*, 786 F.3d 246 (2d Cir. May 22, 2015),

4 *petition of certiorari pending*. There was no reason why plaintiff could not have cited

5 *Madden* in her opposition to the pending motion to dismiss if she thought it had any

6 bearing on the issues presented in that motion. The Court should accordingly disregard

7 this improper submission.

8    In the event the Court is inclined to consider this late-provided authority,

9 defendants respectfully offer the following brief commentary on the *Madden* case, which

10 they would have presented in their Reply had plaintiff cited the case in a timely manner:

11    Plaintiff does not explain her reason for citing *Madden* beyond suggesting

12 that it is "pertinent" to "whether Plaintiff must prove that The First National Bank of

13 Sioux Falls did not make her loan and that the Student Loan Marketing Association was

14 the *de facto* lender, in order to defeat Defendants' preemption defense under section 85 of

15 the National Bank Act." Notice at 1. *Madden* did not address that issue. Rather, it held

16 that the interest rate on a loan that had been made by a national bank was no longer

17 protected by National Bank Act (NBA) preemption after the loan was assigned to a non-

18 bank debt collector. That issue is not presented here, where plaintiff (consistently with

19 the view of the law adopted by virtually every court that has addressed the issue) has

20 *conceded* that NBA preemption applies to her loan if it was made originally by a national

21 bank. *See* Third Amended Complaint ("TAC") ¶¶ 5-6.[1]

22

23 _____

24 [1] *See also, e.g.*, *Krispin v. May Department Stores Co.*, 218 F.3d 919, 924 (8th Cir. 2000)
(existence of NBA preemption depends on the status of the "originating entity (the bank),

25 and not the ongoing assignee"); *FDIC v. Lattimore Land Corp.*, 656 F.2d 139, 148-49 &
n.17 (5th Cir. 1981) (same). This has long been understood to be the law on this point.

26 *See Nichols v. Fearson*, 32 U.S. 103, 109 (1833) ("a contract, which, in its inception, is

27 unaffected by usury, can never be invalidated by any subsequent usurious transaction").

28

1

2          Moreover, California *state* law is clear:  Plaintiff's usury claim must fail if

3   the original lender on her loan was a bank, even if the loan was later sold to a non-bank.

4   *See* TAC ¶¶ 4, 6; *see also Strike v. Trans-W. Disc. Corp.*, 92 Cal. App. 3d 735, 745

    (1979).

5          Finally, even if *Madden* were correctly decided (and defendants submit that

6   it was not), it would, if anything, put the final nail in the coffin of plaintiff's effort to

7   avoid the statute of limitations based on her asserted need to "discover" details about who

8   the *original lender* on her loan actually was in order to develop a theory that would avoid

9   preemption.  Defendants, for their part, do not rely on *Madden* for purposes of their

10  motion.  Their position is that plaintiff was on full notice long ago of all of the *facts*

11  necessary to bring her claim, no matter what *legal theory* she may rely upon in presenting

12  it.

13

14  DATED:  November 24, 2015          COVINGTON & BURLING LLP

15                                     By:   */s/ Sonya D. Winner*
16                                           SONYA D. WINNER

17                                     Attorneys for Defendant Navient Solutions, Inc.

18                                     DRINKER, BIDDLE & REATH LLP

19

20                                     By:   */s/ Sheldon Eisenberg*
                                             SHELDON EISENBERG

21

22                                     Attorneys for Defendants The Bank Of New
                                       York Mellon Trust Company, N.A., in its
23                                     representative capacity as Trustee for SLM
                                       Private Credit Student Loan Trust 2003-B, and
24                                     SLM Private Credit Student Loan Trust 2003-B

25

26

27

28

2

1   Local Rule 5-4.3.4 Certification:  I hereby attest that all other signatories listed, on whose

2   behalf this filing is submitted, concur in the filing's content and have authorized this

3   filing.

4                                    */s/ Sonya D. Winner*
                                     SONYA D. WINNER

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28